UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON A. KRYSHESKI and
TAYR KILAAB AL GHASHIYAH
        Petitioners,

  v.                                   Case No. 06C0015

PHIL KINGSTON,
        Respondent.

## ORDER

Jason A. Krysheski and Tayr Kilaab Al Ghashiyah have filed a joint petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner Krysheski alleges that the circuit court was without jurisdiction to sentence him to prison because his probation had expired. Petitioner Ghashiyah alleges that the state court lacked subject matter jurisdiction over his previous appeals.

Petitioner Krysheski's claim and petitioner Ghashiyah's claim are properly brought pursuant to 28 U.S.C. § 2254 rather than § 2241 because § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." Walker v. O'Brien, 216 F.3d 632, 633 (7th Cir. 2000). As the Seventh Circuit explained in Walker, § 2254 applies if "the [petitioner] is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." Walker, 216 F.3d at 633.

However, before I recharacterize petitioners' filing as a § 2254 petition, I must notify petitioners that such recharacterization may bar them from asserting a habeas challenge to their state sentences at a later date. This is so because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. See, e.g., Castro v. United States, 540 U.S. 385, 383 (2003) (stating that before a district court reclassifies a habeas petition, it "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has"); Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (holding that a court must give a petitioner notice before recharacterizing a § 2241 petition as a § 2254 petition). Thus, a petitioner must present all of his known claims in his first petition–he cannot attack his conviction in piecemeal fashion. See Rule 2(c)(1) of the Rules Governing Section 2254 Cases (stating that the petition must "specify all the grounds for relief").

Accordingly, petitioners shall notify the court within thirty (30) days of the date of this order if they consent to the recharacterization of their § 2241 petition as a § 2254 petition. If they consent to the recharacterization, petitioners may amend their petition to include additional claims alleging that their state court conviction and sentence were imposed in violation of the Constitution. At that time, I will review petitioners' filing pursuant to Rule 4 of the Rules Governing § 2254 Cases to determine whether the state must respond to it. Alternatively, petitioners may withdraw their petition.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order, petitioners shall notify the court concerning their consent to the recharacterization of this § 2241 petition as a § 2254 petition.

Dated at Milwaukee, Wisconsin, this 28 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge