# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON A. KRYSHESKI and**
**TAYR KILAAB AL GHASHIYAH,**

        **Petitioners,**

  v.                                         Case No.  06-C-0015

**PHIL KINGSTON,**

        **Respondent.**

## ORDER

      Petitioners Jason A. Krysheski and Tayr Kilaab al Ghashiyah filed a joint petition for an "extraordinary writ of habeas corpus" asserting that their state court convictions and sentences were imposed in violation of the Constitution.

      Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.[1]

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

---

[1] Although petitioners purport to bring their habeas petition pursuant to 28 U.S.C. § 2241, the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions. See Rule 1(b) of the Rules Governing § 2254 Cases; see also Peoples v. Chatman, 393 F.3d 1352, 1352 (11th Cir. 2004) (concluding that § 2241 petitions are subject to the same restrictions as § 2254 petitions); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (stating that "as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction").

Additionally, during this initial review, I must consider whether the instant petition is a "second or successive" petition pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(b).

Petitioner Ghashiyah asserts two claims in his petition. First, Ghashiyah claims that he

> has never challenged the subject matter of court in his previous appeals, and he recently discovered under Wisconsin Supreme Court holding in Champlain v. State, 53 Wis.2d 751 . . . (1972) that the criminal complaint charging him with armed robbery was "VOID" because it failed to charge armed robbery or any other offense known. The criminal complaint charged him with the whole section of § 934.32 including robbery, strong arm robbery and armed robbery by citing full section of statute which the Supreme court held in Champlain v. State to be void and deprives the circuit court of subject matter jurisdiction.

(Petition at 6.) Second, he attempts to challenge his 1985 convictions for armed robbery using the Supreme Court's recent decision in Blakely v. Washington, 542 U.S. 296 (2004).

The threshold question with respect to Ghashiyah's petition is whether I must dismiss his petition because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244. Section 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

> convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

AEDPA does not define the terms "second or successive," but courts have interpreted the concept as derivative of the "abuse-of-the-writ" doctrine developed in pre-AEDPA cases. Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) (collecting cases). "An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect." Id. (citing McCleskey v. Zant, 499 U.S. 467, 493 (1991)).

Under this standard, Ghashiyah's petition is a "second or successive" petition. His claim seeking to challenge the subject matter jurisdiction of the court could have been presented in his habeas petition that was filed in 1992. See Ghashiyah v. Smith, No. 93-4064, 1996 U.S. App. LEXIS 28320 (7th Cir. Oct. 16, 1996). This claim is not based on a new rule of constitutional law. 28 U.S.C. § 2244(b)(2)(A). Further, the factual predicate of this claim could have been discovered earlier through the exercise of due diligence. § 2244(b)(2)(B). Thus, were it not for "inexcusable neglect" this claim could have been raised earlier. Accordingly, I must dismiss his petition because petitioner has not moved in the "court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (stating that a district court has no jurisdiction over a second or successive petition).

Moreover, even if I did not dismiss this petition as "second or successive," I must dismiss it because Ghashiyah's claims fail on the merits. Petitioner's claim challenging the subject matter jurisdiction of the state courts cannot be brought in a § 2254 case. In

Champlain v. State, the Wisconsin Supreme Court concluded that a criminal complaint which fails to allege any offense known at law is jurisdictionally defective and void. 53 Wis. 2d at 754. In order to determine whether the trial court had jurisdiction, I would need to review state law to determine whether the criminal complaint was defective. Thus, petitioner's claim raises issues of state law involving interpretations of state statutes. Such a claim is not cognizable in a federal habeas case. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law . . .").[2]

Moreover, with respect to petitioner's second claim, Blakely is inapplicable to Ghashiyah because "Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005). Ghashiyah's convictions were final almost twenty years before that date and thus, he cannot proceed on this claim.

Accordingly, for the above reasons, Ghashiyah's petition must be summarily dismissed.

Turning now to Krysheski's petition, in the present case, Krysheski seeks to challenge the sentencing court's jurisdiction to impose a prison sentence following revocation of his probation. After Krysheski was convicted of burglary, the court withheld sentence and, on

---

[2]Further, this claim is untimely. AEDPA established a one-year statute of limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. Where, as here, Ghashiyah's state court conviction became final prior to the AEDPA's effective date, the one-year grace period expires on April 24, 1997. See Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002). Ghashiyah's claim was filed approximately nine years too late.

April 5, 1991, placed him on probation for three years. In 1994, his probation was extended by stipulation and in 1995, the court revoked his probation. In August 1995, Krysheski was sentenced following revocation. The sentence imposed ended in 1999.

Habeas relief is available only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). A habeas petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 492 (1989). Moreover, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. In the present case, petitioner is no longer in custody on the sentence he seeks to challenge. (See Wisconsin Court of Appeals Decision, Feb. 25, 2003 at 3) ("Because Krysheski is no longer in custody on the challenged sentence, he may not obtain relief under Wis. Stat. § 964.06 or by writ of habeas corpus."). Accordingly, I must summarily dismiss Krysheski's petition.

**THEREFORE, IT IS ORDERED** that Ghashiyah's petition is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**FURTHER, IT IS ORDERED** that Krysheski's petition is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Dated at Milwaukee, Wisconsin, this 14 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge