# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON A. KRYSHESKI and**
**TAYR KILAAB AL GHASHIYAH,**
      **Petitioners,**

   v.                                                                        Case No. 06C0015

**PHIL KINGSTON,**
      **Respondent.**

## ORDER

Petitioners Jason A. Krysheski and Tayr Kilaab al Ghashiyah filed a joint petition for an "extraordinary writ of habeas corpus" asserting that their state court convictions and sentences were imposed in violation of the Constitution. On July 17, 2006, I dismissed their petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. On July 25, 2006, petitioners filed a motion for reconsideration or, in the alternative, a motion to appeal to the Seventh Circuit in forma pauperis. Attached to that motion was a notice of appeal.

### I. MOTION TO RECONSIDER

A motion to reconsider may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under 59(e) or 60(b) is timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). A motion filed within 10 days of the entry of judgment is considered under Rule 59 and one filed after such time is considered under Rule 60. Id. In the present case, petitioner's motion was filed within 10 days of the entry of judgment; thus, I consider it under Rule 59(e).

Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11

Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that could have been submitted previously. 11 Wright et al., supra, at 127-28.

Petitioner Ghashiyah asserts two claims in the petition. First, Ghashiyah claims that he recently discovered that the criminal complaint charging him with armed robbery was void because the circuit court lacked subject matter jurisdiction under Champlain v. State, 53 Wis. 2d 751 (1972). Second, he attempts to challenge his 1985 convictions for armed robbery using the Supreme Court's recent decision in Blakely v. Washington, 542 U.S. 296 (2004). In my July 17, 2006, decision, I dismissed his petition because as it was a "second or successive" petition pursuant to 28 U.S.C. § 2244, and thus I lacked jurisdiction over it, 28 U.S.C. § 2244(b)(3)(A); see also Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (stating that a district court has no jurisdiction over a second or successive petition). In my decision, I further noted that even if I did not dismiss this petition as "second or successive," I must dismiss it because Ghashiyah's claims fail on the merits. Petitioner's claim challenging the subject matter jurisdiction of the state courts cannot be brought in a § 2254 case and Blakely is inapplicable to Ghashiyah because "Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005).

In his motion for reconsideration, Ghashiyah quotes language in Mitchell v. McCaughtry, 291 F. Supp. 2d 823, 825 (E.D. Wis. 2003), discussing the effect of the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA") on petitioners who had previously had a habeas claim dismissed without prejudice so that they could first exhaust their claims in state court. Ghashiyah then argues that, under Mitchell, because his first habeas claim was filed prior to AEDPA, there was no time limitation on his filing of a second petition. However, he makes no claim that his first habeas claim was denied without prejudice in order to allow him to litigate the issues in state court. It is clear that Ghashiyah has not presented a manifest error of law or fact or newly discovered and previously unavailable evidence. Furthermore, reconsideration is not necessary to prevent manifest injustice, and there has been no intervening change in the law.

Turning now to Krysheski's petition, Krysheski seeks to challenge the sentencing court's jurisdiction to impose a prison sentence following revocation of his probation. However, Krysheski is no longer in custody, and – as I stated in my July 17, 2006 decision – habeas relief is available only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). A habeas petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 492 (1989). Moreover, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id.

In his motion for reconsideration, Krysheski argues that my decision is contrary to a case in which the Wisconsin Court of Appeals examined whether a habeas petitioner could still bring a petition although he was serving consecutive sentences, and one could argue that he was – at the time – incarcerated for a second offense. McMillian v. Dickey, 132 Wis. 2d 266 (Ct. App. 1986). That case is entirely inapplicable to the present one, where Krysheski is no longer in custody pursuant to a sentence given consecutive to the one that he now

challenges. Thus, it is clear that Krysheski has not presented a manifest error of law or fact or newly discovered and previously unavailable evidence. Furthermore, reconsideration is not necessary to prevent manifest injustice, and there has been no intervening change in the law.

## II. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Although petitioners have not formally requested that I issue a COA, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. See also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

A certificate may issue only if an applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If a court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,

a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In their petition, petitioners presented three claims: 1) that the criminal complaint charging Ghashiyah with armed robbery was void because the circuit court lacked subject matter jurisdiction; 2) that Ghashiyah's 1985 conviction for armed robbery is problematic under Blakely; and 3) that Krysheski was sentenced by a court lacking jurisdiction to impose the sentence. Jurists of reason would not differ with my finding that Ghashiyah's petition was "second or successive," and that his claims nevertheless fail on the merits. As stated above, petitioner's claim challenging the subject matter jurisdiction of the state courts cannot be brought in a § 2254 case and Blakely is inapplicable. Finally, jurists of reason would not differ as to whether Krysheski may bring a habeas petition notwithstanding that he is no longer in custody pursuant to the relevant conviction.

Thus, for the same reasons as set forth in my July 17, 2006, decision and order and for the reasons set forth above, Ghashiyah's claims were properly dismissed as second and successive, and Krysheski's claim was properly dismissed because he does not meet the requirement that habeas petitioners be in custody. I do not believe jurists of reason would differ as to these matters, and I do not believe this case should proceed further.

### III. REQUEST FOR IFP STATUS ON APPEAL

Petitioners request in forma pauperis status so that they may each avoid paying the appellate filing fee of $455. Petitioners were not in forma pauperis at the district court level because they each paid the $5 filing fee in this court. The jump in price makes their current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, petitioners have not filed affidavits, including statements of their assets, showing that they are unable to pay the appellate filing fee. As such, I will dismiss their motion to proceed on appeal in forma pauperis without prejudice. If petitioners file the required affidavits, I will reconsider their motion to proceed in forma pauperis.

**THEREFORE, IT IS ORDERED** that petitioners' motion for reconsideration is **DENIED**.

**FURTHER, IT IS ORDERED** that petitioners' implied request for a certificate of appealability of my July 17, 2006 order is **DENIED**.

**IN ADDITION, IT IS ORDERED** that petitioners' request for leave to appeal in forma pauperis is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 3 day of September, 2006.

        /s_____
        LYNN ADELMAN
        District Judge