# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON A. KRYSHESKI and
TAYR KILAAB AL GHASHIYAH,
        Petitioners,

    v.                                                                Case No. 06C0015

PHIL KINGSTON,
        Respondent.

## ORDER

      Petitioners Jason A. Krysheski and Tayr Kilaab al Ghashiyah filed a joint petition for a writ of habeas corpus asserting that their state court convictions and sentences were imposed in violation of the Constitution. On July 17, 2006, I dismissed their petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Thereafter, petitioners appealed such dismissal to the Seventh Circuit Court of Appeals. On December 5, 2006, respondent filed with the Eastern District of Wisconsin a motion to transfer petitioner to another institution, pursuant to Fed. R. App. Pro. 23. On December 11, 2006, petitioner Ghashiyah filed a motion for an order to prison officials to grant him a legal loan for copies and postage to use to respond to respondent's motion to transfer. That same day, the Seventh Circuit granted respondent's motion to transfer, apparently due to miscommunication as to how the motion was filed. The following day, the Seventh Circuit affirmed the dismissal of the petition. This would appear to end all pending matters, but the respondent contacted both the Eastern District of Wisconsin and the Seventh Circuit to inform the courts that the motion to transfer had been pending before me, rather than the Seventh Circuit. On December 19, 2006, the Seventh Circuit vacated its December 11, 2006, order. Thus, it is now clear that respondent's motion to transfer and petitioner's motion for an order remain pending before me.

Fed. R. App. Pro. 23 states that:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.

Petitioner Ghashiyah apparently intends to contest respondent's Rule 23 motion, though he is currently unable to pay for copies and postage. However, the Seventh Circuit has held that a Rule 23 motion is to be decided on the administrative record. Ward v. United States Parole Com., 804 F.2d 64, 67 (7th Cir. 1986). Unless that record shows that the transfer is "arbitrary, capricious, or an abuse of discretion," a motion to transfer must be granted. Id. In the present case, respondent has attached to his motion an affidavit, signed by him, explaining that he wishes to transfer petitioner Ghashiyah to the Wisconsin Secure Program Facility so that petitioner may serve an extended period in disciplinary segregation. Respondent has further attached conduct reports meriting such disciplinary segregation. As such, it is clear that respondent's motion must be granted, and petitioner need not respond.

**THEREFORE,**

**IT IS ORDERED** that respondent's motion to transfer is **GRANTED**. Pursuant to Fed. R. App. Pro. 23(a), respondent is authorized to transfer petitioner Ghashiyah to the Wisconsin Secure Program Facility in Boscobel, Wisconsin.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. App. Pro. 43, the clerk shall substitute Richard Schneiter as the proper respondent in this matter.

**IT IS ADDITIONALLY ORDERED** that petitioner Ghashiyah's motion for an order is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21 day of December, 2006.

/s_____
LYNN ADELMAN
District Judge